UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 04-379 (RCL) |
| **GERALD EILAND**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter comes before this Court on the United States' Motion [385], filed on September 16, 2005, to Join Fourth Superseding Indictment. In the weeks following, defendant Eiland filed an opposition [387], defendant Bryant filed an opposition [396] and joined in the arguments of his codefendants, and defendants Butcher [399], Gaskins [397], Ingram [398] and Thomas [395] moved to join and/or adopt the oppositions of their codefendants. In separate motions, defendant Butcher moved [400] for leave to file his motion to join, and defendant Thomas [394] moved to dismiss the Fourth Superseding Indictment altogether. Defendant Bryant, in his Opposition [396], asked to join the arguments of Thomas' Motion [394] to Dismiss.

The United States responded to defendants' oppositions in a Consolidated Reply [401] filed on October 6, 2005 and all parties participated in a hearing before this Court on October 11, 2005. At the hearing, this Court ordered the Government to respond within five days to defendant Thomas' Motion [394] to Dismiss the Fourth Superseding Indictment. The United States filed an Opposition [407] on October 18, 2005, and defendant Thomas filed a Reply [413] on October 25, 2005.

Upon a thorough review of each party's filings, the applicable law and the entire record herein, this Court has determined that defendant Bryant's request and other defendants' motions [395, 397, 398, 399, 400] to join the oppositions of their codefendants should be GRANTED, and the United States' Motion [385] to Join Fourth Superseding Indictment shall be GRANTED. Defendant Thomas' Motion [394] to Dismiss Fourth Superseding Indictment shall be DENIED.

## I.  BACKGROUND

*A.  Motion to Join Fourth Superseding Indictment*

Since initiating this action in August of 2004, the United States has returned four indictments. It filed the first on August 20, 2004 and the second shortly thereafter on August 27, 2004. In March of this year, when the United States indicated that further superseding indictments were anticipated, this Court ordered the Government to file any superseding indictment by May 2, 2005. The Government filed the Third Superseding Indictment on May 4, 2005, and the defendants were arraigned on those charges on May 6, 2005. The United States indicated that a fourth superseding indictment was likely, and subsequently filed the Fourth Superseding Indictment on August 26, 2005. Defendants were arraigned on September 7, 2005. The United States then filed the instant Motion [385] to join the Fourth Superseding Indictment to the pending action.

In its Motion, the Government first notes that neither the return of superseding indictments nor the practice of joining all related counts and defendants together is uncommon. (Govt.'s Mot. 4.) Second, since the Fourth Superseding Indictment and all preceding indictments in this action involve the same defendants and the same acts, "not joining the new acts and counts in favor of a separate trial on those added acts and counts would be inefficient because

similar evidence of the crimes of violence and all other racketeering activities would likely be produced in successive trials." (*Id.* at 6.) Third, joining the Fourth Superseding Indictment presents no unfairness to defendants because they were warned of the possibility of a Fourth Superseding Indictment (Govt.'s Reply 2, 4) and because no trial date had yet been determined. (Govt.'s Mot 7; Govt.'s Reply 4.)

Defendants' arguments against joinder comprise two principal assertions. First, they argue that the United States was untimely in filing its Motion. Defendants claim that the Government's Motion is untimely because this Court's May 2, 2005 deadline implied an expectation that the third superseding indictment was to be the last one. (Bryant's Opp'n 4, ¶ 6; Eiland's Opp'n ¶ 2.) As such, the Fourth Superseding Indictment is nearly four months late. (Eiland's Opp'n ¶ 3.)

Defendants also question the United States' purpose in filing the motion. Rather than to promote judicial economy and efficiency, defendants suggest that the Government filed the Fourth Superseding Indictment to generate media buzz (*id.* ¶ 6) and to impede defendants' preparation for trial (*id.* ¶ 4). Defendants argue that this Court should invoke its "broad discretion in setting deadlines and trial schedules in criminal cases" to deny the Government's Motion as untimely. (Bryant's Opp'n 4.)

Defendants' second argument is that joinder would unfairly prejudice them. The prejudice inures from both the untimeliness and the nature of the Fourth Superseding Indictment itself. (Bryant's Opp'n 5.) Since the proceedings have been active for more than a year, defendants should not be subjected to new charges that require them to litigate preliminary matters such as prejudice and joinder. (*Id.*)

In its Reply, the Government concedes that it was two days late in returning the Third Superseding Indictment. (Govt.'s Reply 2.) It disputes, however, defendants' claim of prejudice: There is no prejudice as to preparation of the defense because the United States advised defense counsel and this Court at the May 6, 2005 status hearing of the possibility of another superseding indictment (Govt.'s Mot. 2; Govt.'s Reply 2) and because no trial date had been set. (Govt.'s Reply 4.) In light of the lack of prejudice, the Government suggests that denial of its Motion might constitute an abuse of discretion. (*Id.* at 3.)

*B. Thomas' Motion to Dismiss Fourth Superseding Indictment*

Defendant Thomas, in addition to opposing joinder of the Fourth Superseding Indictment, moves to dismiss it entirely. His motion is based on two points. First, because the Fourth Superseding Indictment was returned more than 18 months after empaneling of the grand jury, Thomas asserts that it was in violation of Federal Rule of Criminal Procedure 6(g) and must be dismissed. (Thomas' Mot. Dismiss 1-5.) While the Rule permits a grand jury to serve more than 18 months, the United States failed to indicate that the statutory procedures for obtaining an extension were observed. (*Id.* at 4.) Thomas therefore requests to review the grand jury's ministerial records in order to determine whether proper procedures were followed. (*Id.* at 7-9; Thomas' Reply 1-3.) Violation of the Rule, Thomas notes, would constitute prima facie prejudice. (*Id.* at 7.)

The United States contends that the grand jury was properly extended pursuant to Federal Rule of Criminal Procedure 6(g). (Govt.'s Opp'n 1-2.) It describes that approval for extension of the grand jury's term was properly obtained from Chief Judge Thomas F. Hogan of this Court on April 22, 2005. (*Id.* at 2.) The grand jury returned the Fourth Superseding Indictment on

4

August 26, 2005, more than two months before the October 29, 2005 expiration date authorized by Chief Judge Hogan.

Thomas poses a second argument for dismissal of the Fourth Superseding Indictment. He alleges that he has been prejudiced by the fact that the grand jury that returned the Fourth Superseding Indictment was not the first grand jury to consider evidence in this case. (Thomas' Reply 2.) A second grand jury was used after information about the investigation was leaked by someone associated with the first grand jury. (Thomas' Mot. Dismiss 5-6.) Thomas believes that this turn of events has prejudiced his rights because "it poisons the grand jury process" (*id.* at 6) and he requests the records of the grand jury in order to investigate whether it observed proper procedure (Thomas' Reply 3-4).

The United States denies that defendants have been prejudiced. (Govt.'s Opp'n 2-5.) It argues that Thomas has failed to demonstrate that an error actually occurred, much less that it resulted in actual prejudice. (*Id.* at 4.) Since he has provided no basis for his claims, the Government argues that Thomas' Motion to Dismiss should be denied, as should his request to review ministerial records of the grand jury. (*Id.* at 5.)

## II. DISCUSSION

*A. Motion to Join Fourth Superseding Indictment*

Prosecutors are entrusted with wide discretion to determine the content and timing of charges and indictments. *United States v. Goodwin*, 457 U.S. 368, 382 (1982). Practical considerations and the public interest counsel against a rule that would require prosecutors to file "every conceivable charge against an individual on the public record from the outset." *Id.* at 382 n.14. Moreover, when multiple defendants and/or offenses are involved, prosecutors may join

the offenses and defendants as long as the underlying charges share common characteristics. FED. R. CRIM. P. 8.

Similarly, district courts have wide discretion in determining when separately filed charges are appropriately consolidated into one action. *See, e.g.,* FED. R. CRIM. P. 13 (noting that a court may consolidate cases when multiple offenses or defendants could have been brought in a single indictment). This judicial discretion extends to the decision to deny joinder or sever offenses or defendants if consolidation appears to prejudice either party. FED. R. CRIM. P. 14(a) ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."). In general, however, joinder is strongly favored in federal courts. *E.g., United States v. Leonard*, 494 F.2d 955, 965-66 (D.C. Cir. 1974).

As to defendants' first argument that the Government's motion should be denied as untimely, neither party disputes that setting deadlines and trial schedules is well within this Court's discretion. This Court does not find that the timing of the Third and Fourth Superseding Indictments, in and of itself, compels denial of the Motion to Join. The time elapsed between the first and third indictments was less than nine months. The Fourth Superseding Indictment followed within four months, leaving approximately one year between the initiation of the proceedings and the last superseding indictment. The general rule is that a superseding indictment may be filed at any time prior to trial on the merits, as long as it does not prejudice defendants. *E.g., United States v. Stricklin*, 591 F.2d 1112, 1116 n.1 (5th Cir. 1979). This Court does not find that a delay of approximately one year, before a trial date has been set, constitutes

6

prejudice.

As a general matter, in a case involving extensive, ongoing investigation of multiple defendants alleged to be participating in a wide-ranging scheme, it is not unreasonable for the United States to file indictments incrementally as new evidence is discovered and presented to the grand jury. Additionally, this Court does not find that the Fourth Superseding Indictment was necessarily untimely: no deadline had been imposed therefor, and no defendant requested this Court to issue one. As to the filing of the Third Superseding Indictment, this Court finds that a delay of two days need not compel dismissal or denial of joinder. The policy considerations underlying joinder are not served by a strict rule that timeliness of a motion to join inexorably results in denial.

This Court is also unpersuaded that the Government's motives in pursuing joinder represent prejudice to defendants. Defendants offer no evidence for their assertion that the United States attempted to garner media attention or to impede defendants' preparation of their cases. There is absolutely no basis for a finding that bad faith or improper motives led the Government to file the Third and Fourth Superseding Indictments.

As to defendants' other argument that joinder would be prejudicial, this Court recognizes that, as a general matter, joinder occurring very late in the trial process may result in unfairness to a defendant. The filing of superseding indictments may require each defendant to reevaluate and restructure his defense strategy multiple times. As a result, were a defendant not given sufficient notice of new indictments, he might be unable to prepare an adequate defense. In the instant matter, however, this Court finds that defendants had sufficient notice of the superseding indictments. The Government regularly apprised both this Court and defendants of the

likelihood of superseding indictments throughout the proceedings, and this Court has scheduled proceedings to allow sufficient time for preparation.

In an Order [408] signed on October 19, 2005, this Court set two separate trial dates for these matters: the first group of defendants will be tried beginning in March of 2006; the second group trial shall commence in September 2006. Defendants in the first group will therefore have more than four months from this date to adjust their trial strategy, if necessary, as a result of joining the Fourth Superseding Indictment. Defendants in the second group will have nearly ten months from this date to adjust their trial strategy, if necessary, as a result of joining the Fourth Superseding Indictment. In light of the fact that defendants have already been preparing for trial over the past year, as well as the fact that the new charges are related to the initially filed charges, this Court finds that joinder of the Fourth Superseding Indictment does not prejudice defendants' ability to prepare their defenses. Therefore, the United States' Motion to Join Fourth Superseding Indictment shall be granted.

B. *Thomas' Motion to Dismiss Fourth Superseding Indictment*

Defendant Thomas submits that the grand jury process was tainted by two factors which question the legitimacy of the grand jury and the indictments. First, the grand jury returned the Third and Fourth Superseding Indictments after the expiration of its 18-month term. (Thomas' Mot. Dismiss 2-5.) While Thomas concedes that a grand jury's term may be extended pursuant to Federal Rule of Criminal Procedure 6(g), he notes that the government has failed to indicate whether that occurred in this case. (*Id.* at 4.) If proper procedures were not followed, Thomas argues, the Court must dismiss the indictments (*id.* at 4-5) or at least grant a hearing to consider the matter (Thomas' Reply 1, 4).

Thomas' second point is that the grand jury process was tainted because of the leak by one of the jurors or witnesses in the first grand jury. (Thomas' Mot. Dismiss 5-7.) Defendant does not allege that the second grand jury was also implicated by a leak; rather, Thomas claims that it was tainted indirectly by the circumstances surrounding the leak by the first grand jury and its dismissal. At the time Thomas filed his Motion to Dismiss Fourth Superseding Indictment, the United States had provided no information as to the circumstances the surrounding the leak and empaneling of the second grand jury. (*Id.* at 5-6.) Since the process was "poisoned" by these factors, Thomas asserts that he has suffered prejudice. (*Id*. at 7.) The indictments should therefore be dismissed and the Government should be ordered to provide to Thomas the ministerial records of the grand jury. (*Id.*; Thomas' Reply 2.)

This Court finds Thomas' arguments to be without merit. First, the United States has since provided sufficient information that the Third and Fourth Superseding Indictments were returned by a duly constituted grand jury during its authorized term. (Govt.'s Opp'n 1-3.) Second, this Court is unpersuaded that Thomas suffered any prejudice as a result of the use of a second grand jury. To the contrary, that the government ceased using the first grand jury when it learned of the leak (and used a second grand jury instead) indicates a judicious concern to avoid prejudice. Thomas has provided nothing more than conjecture punctuated with colorful language. Without a specific showing of how Thomas was prejudiced, this Court has no basis for dismissing the Third or Fourth Superseding Indictments.

Third, this Court finds that Thomas has not demonstrated that a review of the grand jury's records would serve any useful purpose. Thomas argued at the October 11, 2005 hearing that he needs access to the records before he can demonstrate prejudice. This Court accepts that, had

9

Thomas provided specific instances of prejudice, he might be entitled to review of the records in order to further elaborate the factual basis of his allegations.  Without so much as a general explanation of the prejudice he claims to have suffered, however, no legitimate purpose is served by a review of the jury selection records.  The well-established policy of protecting the secrecy of grand jury proceedings is not overcome by Thomas' attempt to engage in a fishing expedition.  Thomas' request shall therefore be denied.

### III.  CONCLUSION

For the foregoing reasons, the defendants' various motions [395, 397, 398, 399, 400] to join the oppositions of their codefendants should be GRANTED, and the United States' Motion [385] to Join Fourth Superseding Indictment shall be GRANTED.  Defendant Thomas' Motion [394] to Dismiss Fourth Superseding Indictment shall be DENIED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, October 26, 2005.